**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELLERY J. PETTIT, | No. 14-15464 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-00149-JAD-PAL |
| v. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Ellery J. Pettit appeals pro se from the district court's judgment dismissing

his action seeking a declaratory judgment. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo a dismissal for failure to state a claim under Federal

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Rule of Civil Procedure 12(b)(6). *Harkonen v. U.S. Dep't of Justice*, 800 F.3d 1143, 1148 (9th Cir. 2015). We affirm.

The district court properly dismissed Pettit's action because Pettit failed to allege facts sufficient to state a viable cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)); *see also Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (stating that the Declaratory Judgment Act "only creates a remedy and is not an independent basis for jurisdiction").

The district court did not abuse its discretion by dismissing the amended complaint without leave to amend because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)).

Contrary to Pettit's contention, there is no basis for overturning the district court's order expunging the notice of lis pendens because Pettit failed to move in the district court for a stay of that order. *See* Fed. R. App. P. 8(a)(1) ("A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal . . . .").

The district court did not err by deciding the motion to dismiss without a hearing because the local rules permit the district court to rule on a motion without oral argument. *See* D. Nev. Civ. R. 78-1 (motions may be considered and decided without a hearing).

Because the amended complaint names Seterus, Inc. as a defendant, we reject Pettit's contention that defendant Seterus, Inc. is not a party to this action.

**AFFIRMED.**

14-15464